IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| RICO DUKES, ) | |
| Plaintiff, ) | |
| vs. ) | No. 3:18-CV-1986-K-BH |
| ) | |
| DENTON COUNTY COURT ) | |
| AND JAIL, et al., ) | |
| Defendants. ) | Referred to U.S. Magistrate Judge[1] |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION**

Based on the relevant filings and applicable law, the case should be **DISMISSED with prejudice**.

**I. BACKGROUND**

On July 13, 2018, the plaintiff filed this *pro se* case against the Denton County Court and Jail and AA Bail Bonds. (*See* doc. 3.) He purports to sue under "Title VIII of the Consumer Credit Protection Act (the Debt Collection Practices Act) 15 U.S.C.A. 1962," "RICO Act, 109 collection of unlawful debt," "(PBNBA) IRS Code 1.1001.14657 cch," and the Constitution section 10." (*Id.* at 1, 3-6, 8.)[2] According to the complaint, all three defendants are located in Denton, Texas. (*See id.*)

The plaintiff alleges that the defendants are debt collectors attempting "to collect a debt allegedly owed by [the] [p]laintiff." (doc. 3 at 1.) He claims that during their attempts to collect this debt, they have violated provisions of the Debt Collection Practices Act and "RICO Act, 109 collection of unlawful Debt." (*Id.*) According to the plaintiff, Denton Court and Jail illegally added an additional $2,000.00 to his bond. (doc. 3 at 8.) Although AA Bail Bonds paid the bond, the

---

[1] By *Special Order No. 3-251*, this *pro se* case has been automatically referred for full case management.

[2] Citations to the record refer to the CM/ECF system page number at the top of each page rather than the page numbers at the bottom of each filing.

plaintiff claims that the "bond [was] way over the legal 3 percent fee which is set by law." (*See id.*) The plaintiff alleges that on April 13, 2018, a $16,000.00 bond was "placed upon [him] from the Denton [County] Court [that] violates the Rico Act 109 collection of unlawful debts." (*Id.*) He also alleges that Denton County Jail is committing civil rights violations by charging state and federal tax on phone calls and commissary store purchases. (doc. 3 at 7.) He claims that taxes of any kind "while confined in any Jail" or prison is illegal. (*Id.*) The plaintiff previously asserted his RICO claims against Denton County Court in *Dukes v. Denton County Court*, No. 3:17-CV-2066-L (N.D. Tex.), which was dismissed during the preliminary screening stage based on improper venue. The Court found that it was not in the interest of justice to transfer the case because the plaintiff had filed multiple lawsuits in this district raising substantially similar claims that were ultimately dismissed for failure to state a claim. (*See id.*, doc. 7.) No process has been issued in this case.

## II. VENUE

The general venue provisions of 28 U.S.C. § 1391 provide the basis for determining the proper venue for the plaintiff's claims. Section 1391(b) provides:

> A civil action may be brought in (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b)(West Supp. 2014). Here, the plaintiff does not claim that any of the defendants reside in the Northern District of Texas, or that any part of the events or omissions giving rise to his claims occurred here. The defendants is located in Denton County, Texas, which is located within the territorial confines of the Sherman Division of the Eastern District of Texas. *See* 28 U.S.C. §

124(c)(3). All of the events upon which he bases his claims appeared to have occurred in that district. Venue does not lie in this district.

Section 1406(a) of Title 28 of the United States Code provides:

> The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought.

28 U.S.C. § 1406. Courts may transfer a case sua sponte. *Mills v. Beech Aircraft Corp., Inc.*, 886 F.2d 758, 761 (5th Cir. 1989); *Caldwell v. Palmetto State Sav. Bank*, 811 F.2d 916, 919 (5th Cir. 1987). They have broad discretion in determining the propriety of a transfer. *Balawajder v. Scott*, 160 F.3d 1066, 1067 (5th Cir. 1998).

Here, it is not in the interest of justice to transfer this case to the appropriate district. The plaintiff filed a prior similar action against the Denton County Court that was dismissed for improper venue. *See Dukes v. Denton County Court*, No. 3:17-CV-2066-L (N.D. Tex. Oct. 31, 2017). The plaintiff has filed twenty two other lawsuits in this district and is well aware of the venue provisions and filing requirements. *See e.g., Dukes v. Brody*, No. 3:18-CV-2189-B-BH, 2019 WL 367701, at *2 (N.D. Tex. Jan. 14, 2019), *report and recommendation adopted*, No. 3:18-CV-2189-B-BH, 2019 WL 366294 (N.D. Tex. Jan. 30, 2019) (dismissed for improper venue); *Dukes v. Fed. Reserve Cent. Bank*, No. 3:17-CV-2510-D-BH, 2017 WL 4990682, at *3 (N.D. Tex. Sept. 19, 2017), *report and recommendation adopted*, No. 3:17-CV-2510-D, 2017 WL 4990650 (N.D. Tex. Oct. 30, 2017) (recommending dismissal of similarly conclusory RICO claims by Rico Dukes); *Dukes v. United States*, No. 3:17-CV-1657-B-BH, 2017 WL 4535288, at *2 (N.D. Tex. Aug. 18, 2017), *report and recommendation adopted*, No. 3:17-CV-1657-B-BH, 2017 WL 4512838 (N.D. Tex. Oct. 10, 2017) (same). Because the plaintiff's complaint is duplicative of a prior lawsuit and raises claims that

appear to be subject to dismissal, this case should be dismissed instead of transferred.

### III.  RECOMMENDATION

The complaint should be **DISMISSED without prejudice** for improper venue.

**SO RECOMMENDED**, this 6th day of May, 2020.

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND
### NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law.  Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.  Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE